UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| CAMERON DEVON HILL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 4:14-CV-21-HSM-CHS |
| JACKIE MATHENY and TERESA KING, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Acting pro se, Cameron Devon Hill, a prisoner confined in the Warren County jail in McMinnville, Tennessee, brings this civil rights action for injunctive relief under 42 U.S.C. § 1983, asserting that he is being subjected to unconstitutional treatment and housing conditions [Doc. 1]. Because the Middle District, where this action was filed, assessed the filing fee before transferring the case to this Court based on venue considerations [Doc. 6], the Court turns first to the contentions contained in the complaint.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff maintains that he was sentenced to twelve (12) years' imprisonment on July 10, 2013, as a Range 1 offender, that he has asked Defendants Jackie Matheny and Teresa King for a transfer to a state-funded facility, and that he has received no response to his requests [*Id.* p.3]. Plaintiff complains that since his conviction and confinement in the Warren County jail, his civil rights have been violated and that, given Defendants' failure to respond to his request for a transfer, he has elected to sue them for his wrongful confinement conditions [*Id.* at 5].

Plaintiff then lists the untoward conditions to which inmates in his cell are exposed in Warren County jail, among which are leaking toilets, inadequate heating and ventilation systems,

absence of privacy in the use of toilet facilities, a shower which contains no non-skid surfaces, no windows, no clock, exposed insulation and wiring from broken lights, overcrowding in the cell, loose tiles hanging down from the ceiling, no medical staff for emergencies, non-functioning smoke alarms, no drug rehabilitation treatment, and punishment for all inmates for the misdeeds of a few [*Id.*]. Once, when Plaintiff was experiencing a medical emergency, he was required to go to a hospital outside the county and did not receive any follow up care, and once, during a lock-down period, he was denied "an indigent packet" to enable him to shower and brush his teeth [*Id.*]. Plaintiff also complains that he does not receive sufficient dietary nutrition, adequate periods of recreation, no outdoor recreation, and access to the law library. The only relief Plaintiff requests is that he "be moved to White County or a state facility" [*Id.*]

## II. SCREENING and LEGAL STANDARDS

The Court must now review the complaint to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed. In performing this task, the Court bears in mind the rule that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the

relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Court examines the claims under these guidelines.

### III.   LAW and ANALYSIS

Plaintiff's contentions about the majority of the complained of conditions appear to affect inmates in Plaintiff's cell equally. If so, then these contentions implicate the standing doctrine, which derives from Article III's restriction of federal court jurisdiction to "cases and controversies." U.S. CONST. art. III, § 2, cl.1. It has been held that a plaintiff must assert his own rights and that he cannot base his claims for relief on the legal rights or interests of a third party. *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Additionally, a plaintiff establishes standing, if he demonstrates three things: (1) an injury in fact or a harm that is "actual or imminent, not conjectural or hypothetical," (2) causation, and (3) redressability. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (citations omitted). Plaintiff has alleged no personal injury with respect to those particular conditions and, accordingly, he lacks standing to assert violations of the rights of other inmates, even if those inmates are his cell mates. And clearly, Plaintiff's only requested form of relief, i.e., a transfer to another correctional facility, could not redress the complained of housing conditions in the Warren County jail.

3

Complaints about jail conditions which cause a personal injury to a prisoner fall within the scope of the "Cruel and Unusual Punishments" provision of the Eighth Amendment, which prohibits conditions that involve the wanton and unnecessary infliction of pain and result in the serious deprivation of basic human needs. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). An Eighth Amendment claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective component requires a plaintiff to show a "sufficiently serious" deprivation. *Id.* A prison condition will be sufficiently serious so as to satisfy the first component of an Eighth Amendment claim if it denies a plaintiff "the minimal civilized measure of life's necessities." *Id.* at 347-48. The length of time that an inmate is subjected to certain conditions of confinement is relevant in determining whether the confinement meets constitutional standards. *See Hutto v. Finney*, 437 U.S. 683, 686-87 (1978) (remarking that "[a] filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months"). Because "routine discomfort is part of the penalty that criminal offenders pay for their offenses against society," *Rhodes*, 452 U.S. at 347, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Furthermore, the risk complained of must be considered by society "to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (italics in original).

The subjective component of an Eighth Amendment claim requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer*, 511 U.S. at 842. A defendant exhibits deliberate indifference where he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

4

The conditions which are alleged to have had a personal effect on Plaintiff are not sustained by information which is necessary to state a plausible claim for unconstitutional confinement conditions. Plaintiff does not indicate the dates each alleged deprivation occurred, which means that the Court cannot evaluate the length of the time the conditions existed so as to determine whether they could rise to the magnitude of a constitutional violation. Nor does he offer any factual elaboration as to the circumstances surrounding the purported conditions.

Equally significant, Plaintiff fails to tie these claimed wrongful conditions to either Defendant Matheny or Defendant King. Plaintiff does not maintain that he reported any of these conditions to Defendants or to any other jail official for that matter. Unless the complained of conditions are connected to one or both Defendants, the Court cannot find the existence of a state of mind amounting to deliberate indifference on each individual's part. This is so because actual subjective knowledge of a claimed condition is the sine qua non of this mental state. *Farmer*, 511 U.S. at 837 (holding that deliberate indifference exists only where an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

Nor does Plaintiff have a constitutional claim against Defendants for ignoring his requests for a transfer to another facility because he has no right to be housed in any particular facility, *Montayne v. Haynes*, 427 U. S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 224 (1976), and indeed, he can be transferred to another prison for any reason or no reason at all. *Cf. Bazzetta v. McGinnis*, 430 F.3d 795, 804 (6th Cir. 2005) (observing that "a transfer to a maximum security facility with more burdensome conditions is within the normal limits or range of custody which the conviction has authorized the State to impose"). Since the only contentions

5

Plaintiff makes against Defendants Jackie Matheny and Teresa King is that they failed to respond to Plaintiff's requests to be transferred to another facility, he fails to state a claim against them entitling him to relief under § 1983.

Finally, Plaintiff seemingly has received the only relief which he has requested from his housing conditions because, as reflected in the Felony Offender Information area on the Tennessee Department of Correction website, Plaintiff is no longer confined in the Warren County jail. Available at http://www.apps.tn.gov/foil/app/results.jsp (last visited on February 16, 2017) (showing Plaintiff's location as the Southeastern Tennessee State Regional Correctional Facility).

## IV. CONCLUSION

Based on the above reasoning, the Court finds that Plaintiff has failed to state constitutional claims against Defendants Matheny or King. The Court further finds that any amendments to the complaint would be futile; therefore, amendments will not be invited because Plaintiff has obtained all the relief he sought by means of filing this lawsuit. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (finding that courts may allow a prisoner to amend even where his complaint is "subject to dismissal under the PLRA").

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

  */s/ Harry S. Mattice, Jr.*
  HARRY S. MATTICE, JR.
  UNITED STATES DISTRICT JUDGE